### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

JOHN A. ROSS, JR.                                                                                PETITIONER

VS.                                                            CIVIL ACTION NO.: 4:14-cv-87-SA-JMV

CHRISTOPHER B. EPPS, ET AL.                                                         RESPONDENTS


### **ORDER**

This matter is before the court on petitioner's successive application for habeas relief. The Fifth Circuit directed this court to decide whether the petitioner has met the two-part test[1] for prosecuting his successive habeas petition. In order to thoroughly consider the matter, the court requests additional briefing on the following issues:

(1) In assessing whether petitioner could have previously, through the exercise of due diligence discovered the factual predicate for his *Brady*, *Napue* and Sixth Amendment claims, what previous date should the court use? Is it: (1) as counsel for Ross appears to suggest, the date of his 2002 trial; (2) as counsel for the state appears to suggest, one year before his successive petition was filed (taking into consideration any appropriate tolling);[2] (3) the date on which his prior habeas petition was filed; (4) the date by which his prior habeas petition might have been amended; and if so, what is that date in the instant case, or (5) does some other point in time control?

(2) Was Hayne a state actor whose knowledge can be imputed to the state/prosecutor regarding each of the constitutional claims Ross asserts?

---

[1] The two parts are: (1) "the factual predicate of his claim could not have been discovered previously through the exercise of due diligence [;]" and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (B), and (b)(3)(C).

[2] The court is fully aware this is the appropriate timing for statute of limitations purposes but is not requesting further briefing on that issue.

(3) Did Hayne testify falsely under oath that he was board-certified in any field at Ross's 2002 trial?  If so, does that testimony amount to perjury?  If the testimony was perjured – and such was revealed to Ross's counsel and the court – would Hayne necessarily have been unqualified to offer further testimony?

The court requests counsel respond within fourteen (14) days.  To the extent either party elects to further respond to opposing counsel's supplemental briefing, it shall do so within seven (7) days thereafter.

**SO ORDERED** this 24th day of April, 2015.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**